HESS *v.* ARNOLD.

4-3964

Opinion delivered October 7, 1935.

*Donham & Fulk,* for appellants.

*J. H. Lookadoo* and *Lyle Brown,* for appellee.

McHANEY, J. Appellant Hess is a truck driver in the employ of appellant Dillaha. On September 14, 1934, while driving a Dillaha beer truck north on highway 67 about a mile and a half south of Arkadelphia, in Clark County, and at a time when he was passing another truck going in the same direction, owned and operated by appellee, an accident occurred caused by the two trucks coming in contact which resulted in the overturning of appellee's truck and in severe and painful injuries to

appellee and considerable damage to his truck. This action was brought to recover damages therefor. It was appellee's contention that, while driving north on said highway, on the right-hand side, a foot or more to the right of the black stripe down the center thereof, at a moderate rate of speed, and while exercising due care for his own safety, the Dillaha truck, driven by Hess, undertook to pass him and carelessly and negligently and, as he thought, intentionally drove his truck so close to appellee's as to collide with it and to crowd him off the highway, so that his car was overturned, causing the damages complained of. A trial resulted in a verdict and judgment in appellee's favor against both appellants in the sum of $5,000 for personal injuries and $150 for damages to the truck.

For a reversal of the judgment against them, appellants argue two assignments of error: First, that the court erred in refusing their requested instruction No. 4; and, second, that the verdict is excessive.

Requested instruction No. 4 reads as follows: "You are instructed that, if you find from the evidence in this case that the plaintiff failed to drive his truck upon the right-hand side of the highway, and that it was not impracticable to travel upon the right-hand side of the highway at the place where it is alleged that the plaintiff was pushed off the highway by the truck driven by the defendant, W. D. Hess, that this is *prima facie* evidence of negligence on his part and casts the burden upon the plaintiff to prove that he was exercising ordinary care, notwithstanding the violation of this law. If you further find from the evidence in this case that the plaintiff failed to drive upon the right-hand side of the highway, and that it was practicable to drive on the right-hand side of the highway at the place where he alleged that he was pushed off the highway by the truck driven by the defendant, W. D. Hess, and has failed to prove that he was exercising ordinary care, notwithstanding the violation of this law, and that the violation of the law caused or contributed in any manner to his injury, or the damage to his truck, if any, then you must find for the defendant."

400

For the purpose of this opinion, we assume, without deciding, that said requested instruction is a correct declaration of the law. It does not follow, however, that the case must be reversed because the court refused to give it. Other instructions were given both on behalf of appellants and appellee which covered the subject-matter of requested instruction No. 4. For instance, in instruction No. 1, given at the request of appellee, one of the conditions upon which he was permitted to recover was that the jury must find from a preponderance of the evidence that he was well on his right side of the highway and that he was guilty of no negligence contributing in any way to his injury. In instruction No. 2, given at the request of appellants, the jury was clearly told that appellee could not recover if he turned his truck to the left across the center line of the highway causing it to come in contact with the Dillaha truck, because this would be contributory negligence on his part. Also in instruction No. 5, given at appellants' request, the court told the jury that if appellee "failed to give way to the right to allow the defendant, W. D. Hess, to pass him, this is *prima facie* evidence of negligence and casts the burden upon the plaintiff to prove that he was exercising ordinary care, while failing to give way to the right, and that such failure, if any, caused or contributed in any manner to his injury or the damage to his truck, if any," they should find for appellants. It will be seen that these instructions given fully and fairly submitted the question to the jury as to whose fault it was that the accident occurred. If the appellee was driving his truck on the right-hand side and negligently turned over to the left and came in contact with the Dillaha truck, or if he were driving too far to the left and failed to give way to the right so that the Dillaha truck could pass, and that either of these things caused or contributed to the injuries, the jury were told that appellee could not recover. It appears to us that these instructions cover all the ground mentioned in requested instruction No. 4, and that no error was committed therefore in refusing to give it. The court is not required to multiply instructions covering the same subject-matter.

As to the question of the excessiveness of the verdict for personal injuries, the evidence is not in dispute. Appellee and his physician were the only witnesses who testified to the nature and extent of his injuries. Appellants introduced two witnesses who testified concerning the activities in which appellee was engaged following the accident. The evidence of appellee and his physician shows that he was "pretty badly bunged up," that he was brought to the hospital shortly after the accident bleeding from several cuts about the face and scalp and a two or three-inch cut above one eye; that he had suffered a slight concussion of the brain which had apparently cleared up, and had received an ugly wound in his abdomen that went through the skin and into the superficial parts; that his neck and shoulders were bruised, and that he could not at the time of the trial turn his head to the left. While the physician declined to say that Mr. Arnold had suffered permanent injuries, he did say he would always have reminders of the accident. It is true that appellee did not spend much time at the hospital, but left shortly after his injuries were patched up, and that he continued to conduct his business, although with some pain and discomfort. We have carefully examined all of the evidence relating to the injuries appellee received, and, while we are of the opinion that ample compensation has been awarded, we are unwilling to substitute our judgment for that of the jury. No question appears to be raised concerning the excessiveness of the verdict for damages to the truck, but the testimony appears to fully warrant the amount thereof.

No error appearing, the judgment must be affirmed.